IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BOAZ PLEASANT-BEY,           )
                             )
    Plaintiff,               )
                             )
VS.                          )        No. 11-2138-JDT-cgc
                             )
MARK H. LUTTRELL, JR., ET AL., )
                             )
    Defendants.              )

ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND COMPLAINT,
DENYING MOTION TO COMPEL WITNESSES,
AND DENYING MOTION FOR CASE MANAGEMENT EXEMPTION

Plaintiff Boaz Pleasant-Bey, a prisoner acting *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 on February 15, 2011, concerning his previous confinement at the Shelby County Criminal Justice Complex ("Jail").[1] (ECF No. 1.) The Court subsequently issued an order partially dismissing the complaint and directing that process be served on severeal Defendants. (ECF No. 9.) Following this Court's grant of summary judgment to the Defendants (ECF No. 37) and a remand by the Court of Appeals,[2] a scheduling order was entered by the assigned U.S. Magistrate Judge on May 28, 2014, setting a discovery deadline of October 24, 2014 and a dispositive motion deadline of November 24, 2014. (ECF No. 52.)

---

[1] Plaintiff is currently in the custody of the Tennessee Department of Correction and is incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee.

[2] The Sixth Circuit partially affirmed but vacated and remanded for further proceedings. *Pleasant-Bey v. Luttrell*, No. 12-6223 (6th Cir. Oct. 17, 2013.)

On January 20, 2015, after the expiration of both the discovery and motion deadlines, Plaintiff filed a motion to amend the complaint to assert claims against a new party, Deborah K. Benson, arising out of her alleged rejection of certain grievances in 2009 and 2010. However, these claims are barred by the applicable one-year statute of limitations, Tennessee Code Annotated § 28-3-104(a), and do not relate back to the date of the original complaint under Federal Rule of Civil Procedure 15(c). The Sixth Circuit has held that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991). Rule 15(c) does permit parties to amend in order to correct misnomers that were the result of "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii); *see also Kelter v. WASP, Inc.*, ___ F. Supp. 2d ___, 2014 WL 949903, at *5-*6 (W.D. Ky. Mar. 11, 2014). However, Plaintiff's failure to sue Benson within the statute of limitations was not due to a mistake as to the identity of any defendant. Therefore, the motion to amend the complaint to add Deborah K. Benson as a party is DENIED.

Plaintiff also filed two motions to amend on December 4, 2015, seeking to amend his request for relief with regard to the RLUIPA claims (ECF No. 89) and to add supplemental claims arising out of events occurring at the Jail in May and June of 2015. (ECF No. 90). However, the issues in this case have been fully briefed, and motions for summary judgment are pending. As stated, *supra*, the discovery and motion deadlines expired in October 2014 and November 2014, respectively. Thus, the pleadings in this case were already closed when

Plaintiff filed his motions. Plaintiff has failed to show good cause for adding additional claims at this late stage of the proceedings. These motions to amend are also DENIED.

On March 4, 2015, Plaintiff filed a motion to compel the attendance of three witnesses at the trial of this action. (ECF No. 76.) Thereafter, the trial was continued (ECF No. 81), and has not been reset. The motion to compel attendance is DENIED without prejudice to refiling at the appropriate time.

Also on March 4, 2015, Plaintiff filed a motion seeking to be exempted from the requirements of Federal Rules of Civil Procedure 16(b) and 26(f) due to the fact that he is a prisoner. Federal Rule of Civil Procedure 26(f)(1) specifically incorporates the exemptions set out in Rule 26(a)(1)(B). Rule 26(a)(a)(1)(B)(iv) exempts cases brought by prisoners; therefore, by operation of Rule 26 itself, prisoner actions are also exempt from the requirements of Rule 26(f). The Court need not expressly grant such an exemption in each prisoner case. Furthermore, as stated, a scheduling order pursuant to Federal Rule of Civil Procedure 16(b) was entered by the Magistrate Judge in May 2015, so this aspect of Plaintiff's motion is moot. Accordingly, the motion for a case management exemption is DENIED.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE